UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATIANA KHAN, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) | CR 10- **CR 10 00152** <br><br> **I N D I C T M E N T** <br><br> [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1001(a)(2): False Statement; 18 U.S.C. § 1512(b)(3): Witness Tampering; 18 U.S.C. § 2(b): Causing an Act to be Done] |

The Grand Jury charges:

COUNTS ONE AND TWO

[18 U.S.C. §§ 1343; 2(b)]

I. INTRODUCTION

1. At all times pertinent to this Indictment:

    a. TATIANA KHAN was a resident of Los Angeles, California, within the Central District of California.

    b. Defendant KHAN was in the business of selling art, antiques, and decorative objects. Defendant KHAN did business as

RAK:rak

Chateau Allegré, a fictitious business name used by defendant KHAN for her gallery located on North La Cienega Boulevard in the West Hollywood area of Los Angeles.

## II. THE FRAUDULENT SCHEME

2. Beginning in or about August 2006, and continuing until at least in or about October 2009, within the Central District of California and elsewhere, defendant KHAN knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims as to a material matter, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3. The scheme to defraud operated, in substance, in the following manner and by the following means:

    a. Defendant KHAN persuaded clients of Chateau Allegré to purchase art, antiques, and decorative objects by making false representations and material omissions of fact about their origins and their values.

    b. As part of this scheme, defendant KHAN arranged to have an art restorer working in North Hollywood, California, make a copy (hereinafter, the "Copy") of a valuable original work of art, namely, a pastel drawing entitled *La Femme au Chapeau Bleu* [*Woman in the Blue Hat*], by the famous artist Pablo Picasso. Defendant KHAN provided the art restorer with a color photograph of the original pastel to be copied.

    c. Defendant KHAN paid the art restorer $1000 to make the Copy.

        d. Defendant KHAN falsely and fraudulently represented to victim V.S. and others that the Copy was an original work of art created by Pablo Picasso.

        e. Defendant KHAN sold the Copy to victim V.S. for $2 million in or about October 2006.

4. To execute the scheme to defraud, defendant KHAN maintained the following materially false pretenses and made the following materially false representations and promises to victim V.S. and others:

        a. That the Copy was an original work of art created by Pablo Picasso;

        b. That the Copy had a fair market value of substantially more than $2 million;

        c. That the Copy had been sold in 1990 by the auction house Sotheby's;

        d. That the Copy had once been owned by the family of the publisher Malcolm Forbes; and

        e. That defendant KHAN handled private sales for the Forbes family and was able to sell its items, which purportedly included the Copy, for substantially less than their fair market value because the Forbes family wanted to keep the sales private and, in order to do so, was willing to sell its items for a below-market value.

5. In truth and in fact, as defendant KHAN then well knew:

        a. The Copy was not an original work of art created by Pablo Picasso;

        b. The Copy did not have a fair market value of more

1  than $2 million and was, in fact, worth considerably less than
2  that amount;
3        c.  The Copy had not been sold in 1990 by Sotheby's;
4        d.  The Copy had never been owned by the family of
5  Malcolm Forbes; and
6        e.  Defendant KHAN did not handle private sales for the
7  Forbes family.
8     6.  Further to execute the scheme to defraud, defendant
9  KHAN failed to disclose and concealed the following material
10 facts from victim V.S. and others:
11       a.  That the Copy sold to victim V.S. for $2 million
12 had been made in or about August 2006 by an art restorer working
13 in North Hollywood, California;
14       b.  That defendant KHAN had paid $1000 to the art
15 restorer for making the Copy; and
16       c.  That defendant KHAN had never represented the
17 Forbes family in any capacity.
18    7.  Further to execute the scheme to defraud, after
19 defendant KHAN sold the Copy to Victim V.S. for $2 million,
20 defendant KHAN made false and misleading representations and
21 promises to victim V.S. and others for the purpose of maintaining
22 the pretense, and lulling victim V.S. and others into the false
23 belief, that the Copy had a fair market value of at least
24 $2 million.  Such false and misleading representations and
25 promises included: (a) appraisals provided by defendant KHAN,
26 which falsely and fraudulently represented that the Copy was a
27 work of art created by Picasso having a value of at least
28

4

$4 million; and (b) claims that third parties were considering paying a substantial price for the Copy.

III. EXECUTIONS OF THE FRAUDULENT SCHEME

8. On or about the dates set forth below, within the Central District of California, and elsewhere, defendant KHAN, for the purpose of carrying out the scheme to defraud described above, caused the following items to be transmitted by means of wire and radio communication in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 10/23/06 | Appraisal signed by defendant KHAN and dated October 21, 2006, stating "Replacement Value of Picasso 'La Jeune au Chapeau Bleu' c. 1902 is $5,000,000," which appraisal was e-mailed from Dukar Fyfe Insurance, located in Calabasas, California, to Fireman's Fund Insurance Company in San Diego, California, via a server located in Boulder, Colorado. |
| TWO | 6/12/08 | "To Whom it May Concern" letter signed by defendant KHAN and dated June 11, 2008, appraising the value of "the Painting by Pablo Picasso entitled 'La Femme au Chapeau Bleu'" at $4,000,000, which letter was e-mailed from Dukar Fyfe Insurance, located in Calabasas, California, to the San Diego, California office of Private Client Group, a division of AIG, via a server located in Livingston, New Jersey. |

5

## COUNT THREE

[18 U.S.C. § 1001(a)(2)]

9. The Grand Jury hereby repeats and realleges paragraphs 1 and 3 through 7 of this Indictment as if fully set forth herein.

10. On or about September 18, 2009, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically the Federal Bureau of Investigation ("FBI"), defendant KHAN knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in that defendant KHAN told a Special Agent of the FBI that she had obtained the Copy from an individual named "Rusica Sakic Porter," when, in truth and in fact, as defendant KHAN then well knew, "Rusica Sakic Porter" was not the source of the Copy and, instead, defendant KHAN had paid an art restorer working in North Hollywood $1000 to make the pastel drawing by copying a photograph of an original Picasso pastel, which photograph defendant KHAN had provided to the art restorer.

///
///
///

## COUNT FOUR

[18 U.S.C. § 1512(b)(3)]

11. The Grand Jury hereby repeats and realleges paragraphs 1 and 3 through 7 of this Indictment as if fully set forth herein.

12. In or about October, 2009, in Los Angeles County, within the Central District of California, defendant KHAN knowingly attempted to intimidate, threaten, and corruptly persuade another person, namely the art restorer who had made the Copy for defendant KHAN, with intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense. Specifically, defendant KHAN told the art restorer to tell Special Agents of the FBI who were investigating the sale of the Copy for

///
///
///

$2 million that she (the art restorer) only did restoration work for defendant KHAN and did not do any copy work for defendant KHAN, thereby concealing from the FBI agents that the art restorer had made the Copy for defendant KHAN at defendant KHAN's request, and that defendant KHAN had paid the art restorer $1000 for her work making the Copy.

A TRUE BILL

/S/
_____
Foreperson

GEORGE S. CARDONA
Acting United States Attorney

*Daniel S. Goodman, Asst U.S. Atty*
*Deputy Chief, Criminal Division, FOR:*
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


BEONG-SOO KIM
Assistant United States Attorney
Acting Chief, Major Frauds Section


RANEE A. KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section


RICHARD E. ROBINSON
Assistant United States Attorney
Major Frauds Section